RYAN G. WELDON
Assistant U.S. Attorney
ERIC E. NELSON
Special Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
E-mail: Ryan.Weldon@usdoj.gov
　　　　Nelson.Eric@epa.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 21- -BU- |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure* |
| U.S. MINERALS, INC., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Ryan G. Weldon, Assistant United States Attorney for the District of Montana, and Eric E. Nelson, Special Assistant United States Attorney, and the defendant corporation, U.S. Minerals, Inc., and the

defendant's attorneys, Peter Lacny and Daniel Flaherty, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charge:** The defendant corporation agrees to plead guilty to the sole count in the information, which charges Clean Air Act Violation – Negligent Endangerment, in violation of 42 U.S.C. § 7413(c)(4). This offense carries a maximum punishment of five years probation and a $125 special assessment. The defendant corporation may be fined not more than the greatest of twice the gross gain or twice the gross loss as outlined under 18 U.S.C. § 3571(d). The parties stipulate and agree the fine should be $393,200, payable in four annual installments of $100,000, $100,000, $100,000 and $93,200, respectively.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) does not pursue further criminal charges against U.S. Minerals, Inc., as further outlined in paragraph 11; and, b) makes the recommendations provided below. The defendant understands that if the

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| *[signature]* | *[signature]* | *[signature]* | 7/20/21 |

Page 2

agreement is accepted by the Court, and no further charges are pursued by the United States, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty to the Clean Air Act Violation—Negligent Endangerment contained in the sole count in the information. In pleading guilty to the sole count, the defendant acknowledges that:

**First**, the defendant is a person—either an individual or a corporation;

**Second**, the defendant acted negligently;

**Third**, the defendant released into the ambient air[1];

**Fourth**, a hazardous air pollutant or an extremely hazardous substance[2]; and,

**Fifth**, at the time of the release, the defendant negligently placed another person in imminent danger of death or serious bodily injury.

///

///

---

[1] "Ambient air" means that portion of the atmosphere not completely closed in a building or structure.

[2] A hazardous air pollutant or extremely hazardous substance is one that is listed pursuant to 42 U.S.C. § 7412 or 42 U.S.C. § 1102(a)(2). 42 U.S.C. § 7413(c)(4). The conduct at issue in this case involved the release of arsenic. Arsenic compounds are listed as hazardous air pollutants under 42 U.S.C. § 7412(b)(1).

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| Rcu | PK | PL | 7/20/21 |

Page 3

5. **Waiver of Rights by Plea:**

    (a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

    (b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

    (c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

    (d) The defendant has the right to be represented by counsel.

    (e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| /s/ | PK | PL | 7/20/21 |

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold

that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

The parties will jointly recommend the following to the Court:

- Payment of a $393,200 fine

- Five years of probation, which will include at least the following conditions:

    o Under USSG §8B2.1, the defendant will enter into and comply with the Environmental Health and Compliance Plan, which is attached to this plea agreement as Attachment A. This agreement will bind the defendant, it's successors, and it's assignees.

    o Under USSG §8B1.2, the defendant will comply with a remedial order to remedy the harm caused by the offense and eliminate or reduce the risk that the instant offense will cause future harm. The remedial

order will include the implementation of a Medical Monitoring Program for employees (current and former) of the defendant that have been identified as having been exposed to elevated levels of arsenic in the course of their employment at the defendant's operation in Anaconda, Montana. The Medical Monitoring Program is attached to this plea agreement as Attachment B.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

AUSA   DEF   ATTY   Date                                   Page 7

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

11. **Non-Prosecution:** The United States agrees not to pursue other criminal charges against U.S. Minerals, Inc., for any and all actions known to have occurred in Montana by the United States and that took place between July 8, 2015, until the date of this plea agreement.

12. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the

AUSA _____ DEF _____ ATTY _____ Date 2/20/21 _____ Page 8

U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

///

///

///

///

///

///

///

///

///

| AUSA | DEF | ATTY | Date 7/20/21 | | Page 9 |

LEIF JOHNSON
Acting United States Attorney

_____
RYAN G. WELDON
Assistant U.S. Attorney
ERIC E. NELSON
Special Assistant U.S. Attorney
Date: 7/22/21

_____
U.S. MINERALS, INC.
Defendant Corporation
By: Peter Kossis
Date: 7/20/2021

_____
PETER LACNY
DANIEL FLAHERTY
Defense Counsel
Date: 7-20-2021